JULIUS C. LOWE *vs.* CUMBERLAND COUNTY POWER & LIGHT CO.

Cumberland County. Decided August 14, 1919. The accident which is the subject of this action occurred on April 18, 1918, at the point where the railroad track of the defendant in Portland, following the southern side of Brighton Avenue, passes the premises of Robert

J. Craig.  The plaintiff, driving a pair of horses drawing a heavily laden cart, was travelling westerly along Brighton Avenue to the premises of Mr. Craig, his employer.  Turning his team to enter his employer's driveway he drove upon the defendant's track for the purpose of crossing it.  When the cart was astride the track it was struck by an east bound trolley car.  By the force of the impact "the cart turned bottom up and went out into the road and spilled the con-tents and the horses went over in the ditch  . . . .  one over onto the other."  The plaintiff was hurled through the glass front of the car and sustained the injuries sued for.  The jury returned a verdict for the plaintiff in the sum of $4,375.  The defendant moves for a new trial on the usual grounds.

The legal rights and obligations of a plaintiff and defendant cir-cumstanced as these parties were have been so often stated by this and other courts that reiteration is unnecessary.

The jury must have determined that the defendant's motorman was negligent in that he failed to seasonably apply his reverse.  We think that the finding was justified.  A careful reading of the testimony con-vinces us that the jury were amply warranted in finding that after the plaintiff's team turned to make the crossing the motorman saw, or by the exercise of reasonable vigilance should have seen it in time to bring the car to a stand still and avoid the accident.

The plaintiff testifies that when he turned to cross the track the car was not in sight.  In this he is corroborated by two witnesses who were near the scene of the accident in an automobile.  In respect to this, however, there is a conflict of testimony.  The motorman, whose story was in some degree corroborated by other witnesses, testified that when the plaintiff swerved to cross the track the trolley car was only about eighty feet away and in plain sight.  If the testi-mony of the defendant's witnesses is to be relied upon contributory negligence is made out.  The jury, however, believed the plaintiff's version to be true.  In this the court cannot say that there was manifest error.

The verdict is liberal and is probably and very properly larger than, under similar circumstances, would have been returned a few years ago when the value of a dollar, measured in commodities, was much larger.  The plaintiff was sixty-eight years old.  There is some evi-dence tending to show that by reason of the disability caused by the accident his earning power was diminished about $10 per week.

Taking into consideration his age and chance of productive wage earning life his loss of earnings alone would clearly not justify the verdict. But the jury properly added to his loss of earnings, compensation for his expenses and for his suffering.

If the jury understood the evidence and the verdict represents their judgment and not their sympathy or prejudice the verdict should not be disturbed. · The amount is not so large as to justify the court in holding that the jury misunderstood the evidence or failed to exercise their judgment. Motion overruled. *Hinckley & Hinckley*, for plaintiff. *Verrill, Hale, Booth & Ives*, for defendant.